By the Court.
The plaintiff below, Mabel Grogg, brought suit in damages for personal injury against The Mansfield Public Utility & Service Company.
The petition alleged as elements of negligence that she was a passenger on the service company’s street car in the city of Mansfield; that the car was stopped for her to alight; that in attempting to do so the heel of her shoe caught and went down into the .space between the fluted or slatted extra floor *302 of the car; that the fluted or slatted strips were worn, warped, or broken, leaving an enlarged space between said strips; and that the company permitted the slatted floor to be and remain out of repair, and that by so doing injury resulted.
To this petition a gerteral denial was filed. A second defense charged contributory negligence, which the reply denied.
The trial had on the issues thus made resulted in a verdict, followed by a judgment, against the service company. This judgment was affirmed by the court of appeals, and it is now sought to reverse the same in this court.
While the petition in error raises substantially all the statutory grounds of error, the briefs' deal only with one, namely, the charge of the court to the jury, and this refers to the general charge, as no special instructions were asked or given.
A charge should be clear, couched in simple, understandable language, specifically covering those and those only of the issues made by the pleadings that have been developed by the proof. The ideal or perfect charge is seldom if ever attained, and it is some degree less than perfection with which reviewing courts have to deal, and this is by no means strange, or a condition nbt to be expected, as the trial judge is called upon to prepare and give his instructions to the jury at the proper stage of the trial, with very little time for research, deliberation or analysis, and is often confronted with an unexpected shift or departure or change of tactics on the part of counsel in the development of the case.
*303 In interpreting a charge the language employed, as a whole, as distinguished from any single paragraph, sentence or phrase, should be subjected to the test to determine whether the rules of law announced apply and cover fairly the case in its finally produced and completed state, and this without resort to supertechnicality.
In the arraignment of the charge of the court in the case here under consideration counsel raised five general objections, namely, that the trial judge failed to properly state the issues; that he neglected to charge that if the plaintiff’s own evidence raised a presumption of negligence the burden was on her to remove the presumption; that the allusion to the doctrine of res ipsa loquitur was prejudicial error; that the rule of ordinary care was not correctly charged; and that the elements of damage charged were not sustained by some evidence, or at least «not all of them were thus sustained.
The latter two of these objections are particularly technical. . The charge on the elements of damage was very general in terms, and may have suggested elements which were not developed, but the instructions were of such general compass in that regard as to preclude the idea of the jury’s being misled.
From the survey of the entire charge, we are unable to find that the court failed to properly state and cover the issues; nor does the objection, that the court failed to charge that if the plaintiff’s own evidence raised the presumption the burden was on her to remove it, seem tenable. We have not been *304 able to discovér in the record any testimony on her part raising a fair inference of negligence.
The doctrine of res ipsa loquitur, as applied in a negligence case, is defined in 3 Bouvier’s Law Dictionary (Rawle’s Third Revision), page 2909: “Where contractual relations existed between the parties, and the plaintiff shows actual negligence or conditions so obviously dangerous as to admit of no other inference, the burden thus thrown on the defendant is not that of satisfactorily accounting for the accident, but of showing that he used due care.”
Nor is the doctrine confined to those sustaining contractual relations, as appears in the reasoning used by Judge Summers in his opinion in the case of Cincinnati Traction Co. v. Holzenkamp, 74 Ohio St., 379.
In 1 Shearman & Redfield on Negligence (6 ed.), Section 59, the following text appears:
“Proof of an injury, occurring as the proximate result of an act of the defendant, which would not usually, if done with due care, have injured anyone, is enough to make out a presumption of negligence.”
From the cases and texts examined, this doctrine, as it has been interpreted and developed in our jurisprudence, amounts to a rule of law; where one charged with some degree of care by act or omission injures another, not only without fault but without -active participation on the part of such other, and the agency or thing causing the injury is within the entire control or use of the injurer, then *305 the presumption of negligence of itself arises — the thing speaks for itself.
The instant case does not measure up to all the requirements set forth above. Of this the trial court must have had some suspicion, for it is quite noticeable that he took the trouble to charge all the elements of negligence, which was unhappily and incorrectly applied to the 'doctrine of res ipsa loquitur; but this was no more than a misnomer. Applying the wrong legal term to the existing state of facts in the case amounts only to harmless error, not calculated to mislead. The jury is presumed, as we must assume, to have followed the whole instruction upon this branch of the case, and this is particularly true in the face of a record which fails to show that substantial justice was not done. Fox v. Jewell, 91 Ohio St., 409, and Haas v. Kundtz, 94 Ohio St., 238.
The judgments of the court of appeals and the common pleas courts are affirmed, and mandate will issue to the latter court to carry the judgment into execution.

Judgment affirmed.

Marshall, C. J., Johnson, Hough, Wanamaker and Robinson, JJ., concur.